IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 22-cv-00433-PAB

KENDRA E. BOWERS, a Colorado resident,

      Plaintiff,

v.

CLUB WYNDHAM, aka WYNDHAM HOTELS AND RESORTS, aka WYNDHAM
DESTINATIONS, aka WYNDHAM WORLDWIDE CORPORATION, aka WYNDHAM
VACATION RESORTS, aka FAIRFIELD RESORTS, INC., aka FAIRFIELD
COMMUNITIES INC.,

      Defendant.

---

## ORDER

---

The Court takes up this matter *sua sponte* on Defendant's Notice of Removal
[Docket No. 1].  Defendant asserts that the Court has jurisdiction pursuant to 28 U.S.C.
§ 1332.  Docket No. 1 at 2, ¶ 2.

In every case and at every stage of the proceeding, a federal court must satisfy
itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See
Citizens Concerned for Separation of Church & State v. City & Cnty. of Denver*, 628
F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court
may not proceed in a case.  *See Cunningham v. BHP Petroleum Gr. Brit. PLC,* 427
F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of
jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the
Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.
1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is

irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Defendant asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Docket No. 1 at 2, ¶ 2.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  "For purposes of federal diversity jurisdiction, an individual's state citizenship is equivalent to domicile."  *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006).  "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."  *Id*. at 1260.  The allegations regarding the citizenship of plaintiff, however, are not well-pled.

The Notice of Removal states, "[p]laintiff alleges that she is a resident of El Paso County, Colorado."  Docket No. 1 at 2, ¶ 2 (citing Docket No. 1-1 at 1, ¶ 1).  Residency, however, is not synonymous with domicile, *see Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous

with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted)), and only the latter is determinative of a party's citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."). Courts are to consider the "totality of the circumstances" to determine a party's domicile. *Middleton v. Stephenson*, 749 F.3d 1197, 1200–01 (10th Cir. 2014); *cf. Dumas v. Warner Literary Grp., LLC*, No. 16-cv-00518-RM-NYW, 2016 WL 10879185, at *2 (D. Colo. Apr. 29, 2016) (stating that courts consider a number of factors in determining a party's citizenship, including "voter registration and voting practices"). Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship).

Because the allegations regarding the citizenship of plaintiff are not well-pled, the Court is unable to determine plaintiff's citizenship and whether the Court has jurisdiction.[1] *See United States ex rel. General Rock & Sand Corp. v. Chuska Dev.*

---

[1] Defendant asserts that plaintiff improperly identified defendant as "Club Wyndham, a/k/a Wyndham Hotels and Resorts, a/k/a Wyndham Destinations, a/k/a Wyndham Worldwide Corp., a/k/a Wyndham Vacation Ownership, a/k/a Fairfield Resorts, Inc., a/k/a Fairfield Communities Inc.," when defendant is actually "Wyndham

*Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (quotations omitted)).  It is therefore

**ORDERED** that, on or before **March 4, 2022**, defendant shall show cause why this case should not be remanded due to the Court's lack of subject matter jurisdiction.

DATED February 22, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

Vacation Resorts, Inc."  Docket No. 1 at 1.  It is well settled, however, that the plaintiff is the master of the complaint, *see Hansen v. Harper Excavating, Inc.*, 641 F.3d 1216, 1220 (10th Cir. 2011) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)), and a defendant has no ability to amend the complaint through a notice of removal.